**TENNECO, INC., Appellant,**

v.

**LOOMIS INTERNATIONAL, INC., Appellee.**

**No. A14–86–646–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 9, 1987.

Stanley B. Binion, Lisa Mims, Jon L. Tankersley, Houston, for appellant.

Dixie Smith, Julia M. Haines, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

PAUL PRESSLER, Justice.

Brad Alan Ripley (Ripley), an employee of Loomis International, Inc. (Loomis), sued Marine Drilling Company (Marine Drilling) and Tenneco, Inc. (Tenneco) for injuries he suffered aboard the J. Storm XI, a drilling rig in the Gulf of Mexico. Tenneco joined Loomis as a third-party defendant claiming Loomis promised to indemnify Tenneco for losses it incurred as a result of injury to Loomis employees. Tenneco and Marine Drilling settled with Ripley. The question to be determined is whether Tenneco or Loomis is liable for the settlement.

Tenneco and Loomis entered into five stipulations: (1) the J. Storm XI was a vessel in navigable waters; (2) Ripley was an employee as defined under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–905 (1986) (the Act.); (3) Loomis was an employer as defined under the Act; (4) the J. Storm XI was owned by Marine and under contract with Tenneco; and (5) Tenneco had no operational control over the vessel or its crew. Based upon these stipulations, both parties moved for summary judgment. The trial court granted Loomis' motion and denied Tenneco's claim for indemnification. The issue to be determined is whether § 905(b) of the Act bars Tenneco from being indemnified by Loomis. It does and the judgment of the trial court is affirmed.

To be entitled to summary judgment Loomis must establish conclusively that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); Tex.R.Civ.P. 166–A. Section 905(b) of the Act states

> [i]n the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person ... may bring an action against such vessel as a third party ... and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void.

Section 905(b) bars indemnification from the employer if the one bringing suit is a "vessel." Section 902(21) of the Act provides

> [u]nless the context requires otherwise, the term "vessel" means any vessel upon which or in connection with which any person entitled to benefits under this chapter suffers injury or death arising out of or in the course of his employment, and said vessel's owner, owner pro hac vice, agent, operator, charter or bare boat charterer, master, officer, or crew member.

Whether Tenneco is a vessel hinges upon the meaning of "charter or bare boat charterer."

A misprint in the statute as passed by Congress adds to the difficulty in interpreting § 905(b). It is agreed that Congress meant to say "charterer or bare boat charterer." *See e.g. Meredith v. A & P Boat Rentals Inc.,* 414 F.Supp. 788, 791 (E.D.La. 1976); *Standard Fruit Co. v. Metropolitan Stevedore Co.,* 52 Cal.App.3d 305, 125 Cal.Rptr. 111, 114 (1975). Therefore, if Tenneco is a charterer or a bare boat charterer, Section 905(b) bars it from seeking indemnification.

Two basic types of charter agreements exist. A bare boat charter is one in which the owner of the boat transfers complete possession and control to the charterer for a period of time. A time charter arises when less than total control and possession of the boat is relinquished. In a typical time charter, the charterer obtains use of the ship and the owner maintains control of the ship and provides the crew. Here, as a matter of law, Tenneco was a time charterer. Tenneco contracted for the use of the rig. Marine Drilling retained complete control over the operations.

The term "charter or bare boat charterer" includes such time charterers as Tenneco was here. *See Aucoin v. Pelham Marine, Inc.,* 593 F.Supp. 770 (W.D.La.1984); *Meredith v. A & P Boat Rentals, Inc.,* 414 F.Supp. 788 (E.D.La.1976); *Standard Fruit Co. v. Metropolitan Stevedore Co.,* 52 Cal.App.3d 305, 125 Cal.Rptr. 111 (1975); *Weyerhaeuser Co. v. Portland Stevedor-*

*ing Co.,* 42 Or.App. 905, 601 P.2d 911 (1979). Why would Congress include the term "charter" in the definition if time charterers were not to be included? The purpose of the Act is to provide exclusive liability for the employer. This purpose is served by giving full effect to the language of the Act.

Tenneco relies on *Pippen v. Shell Oil Co.,* 661 F.2d 378 (5th Cir.1981) for the proposition that Congress did not intend to include time charterers in its definition of vessel. Shell Oil, as Tenneco, appears to have been a time charterer. In *Pippen,* without analysis, the fifth circuit stated that Shell Oil as a non-vessel would not be barred by § 905(b). The statement was mere dictum since no evidence was presented of an indemnification agreement. In any event, the essence of this dictum was merely that a non-vessel would not be barred from recovery by § 905(b) and not that time charters were non-vessels within § 902(21). In fact, recent cases have not followed Tenneco's construction of *Pippen. Aucoin,* 593 F.Supp. at 773–74; *see also Helaire v. Mobil Oil Co.,* 709 F.2d 1031, 1041 (5th Cir.1983). *Meredith* and the cases based upon it are better authority.

■ Tenneco is a time charterer and is thus a vessel within the definition of the Act. As a vessel, Tenneco is barred from any recovery from Loomis under Section 905(b). Therefore, whether the indemnity provision covered Tenneco's settlement liability need not be considered.

The judgment of the trial court is affirmed.